I respectfully dissent from the majority opinion. My reasons follow.
I agree with the trial court's and the majority's finding ". . . that the instant case was not a `foreign object' case." (Majority Opinion at 3). However, such categorization does not necessarily preclude appellant from asserting the exception to the expert testimony rule set forth in Bruni v. Tatsumi (1976),46 Ohio St.2d 127. When considering the evidence in the case subjudice in the light most favorable to appellant, I find reasonable minds could conclude Dr. London's lack of skill or care in removing all of the glass was sufficiently apparent as to be within the comprehension of laymen, and requires only common knowledge and experience to understand and judge it. As such, appellant was not required to present expert testimony to withstand appellees' motion for summary judgment.
As to the issue of proximate cause, I agree with the majority that Dr. Niehaus' deposition testimony was insufficient to establish a connection between the alleged failure to remove all of the pieces of glass and the irritation in the nerve. Nevertheless, if the trier of fact would find Dr. London negligent, expert medical testimony would not be needed to show the damages incurred as a result of the second surgery (e.g. medical expenses, lost wages, etc.) and the pain and suffering associated with that surgery were proximately caused by Dr. London's negligence.
Accordingly, I would reverse the judgment of the trial court and remand the case for further proceedings.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.